# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ESTHER GELIN,

      Plaintiff,

v.

Case No. 6:21-cv-185-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

      Defendant.

## OPINION AND ORDER[1]

### I. Status

Esther Gelin ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of diabetes, nerve damage, and high blood pressure. Transcript of Administrative Proceedings (Doc. No. 23; "Tr." or "administrative transcript"), filed July 14, 2021, at 59, 69, 82, 206. Plaintiff protectively filed an application

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 22), filed July 14, 2021; Reference Order (Doc. No. 26), entered July 19, 2021.

for DIB on November 1, 2018, alleging a disability onset date of April 15, 2018.[2] Tr. at 181-87. The application was denied initially, Tr. at 58-67, 68-78 (duplicate), 79, 80, 100-02, and upon reconsideration, Tr. at 81-93, 94, 95, 97 (duplicate), 106-12, 113-18 (duplicate).

On June 22, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by a non-attorney representative, and a vocational expert ("VE").[3] See Tr. at 31-57 (hearing transcript), 175-76 (appointment of representative documents). Plaintiff was fifty-two (52) years old at the time of the hearing. Tr. at 36. On July 31, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-25.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her representative. See Tr. at 4-5 (Appeals Council exhibit list and order), 178-80 (request for review), 293 (brief). On December 4, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On January 27, 2021, Plaintiff commenced this action under 42

---

[2] Although actually filed on November 2, 2018, see Tr. at 181, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as November 1, 2018, see, e.g., Tr. at 59, 69, 82.

[3] The hearing was held telephonically with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 33-35, 177.

U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges: 1) "[w]hether the ALJ erred in her evaluation of Plaintiff's reported symptoms and limitations"; and 2) "[w]hether the decision in this case, by an ALJ and Appeals Council . . . deriving their authority from the Commissioner who was not constitutionally appointed, is constitutionally defective, requiring remand." Joint Memorandum (Doc. No. 34; "Joint Memo"), filed January 14, 2022, at 8, 24 (emphasis omitted). With leave of Court, Plaintiff also filed a Reply Brief (Doc. No. 36; "Reply") on January 20, 2022. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## **II.  The ALJ's Decision**

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-25. At step one, the ALJ determined that Plaintiff "has not engaged in [substantial gainful activity] since April 15, 2018, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: diabetes mellitus with associated neuropathy, hypertension, obesity, and adjustment disorder." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can perform] light work (20 CFR [§] 404.1567(b)), except

> occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never ladder, ropes, or scaffolds. Bilateral handling and fingering is frequent. Avoid: work at heights, work with dangerous machinery and dangerous tools, constant vibration, constant pushing and pulling with upper extremities, bilateral overhead reaching, constant temperatures over 90ºF and under 40ºF, and foot controls. Work tasks should be 1-5 steps, learned in 30 days.

Tr. at 20 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "nurse assistant, security guard, and shipping and receiving clerk." Tr. at 24 (some emphasis, capitalization, and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 24-25. After considering Plaintiff's age ("50 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are other jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Marker," "Garment Sorter," and "Office Helper." Tr. at 24 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from April 15, 2018, through the date of th[e D]ecision." Tr. at 25 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's

conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

### A. ALJ's Evaluation of Plaintiff's Reported Symptoms and Limitations

Plaintiff contends the ALJ erred in evaluating her subjective symptoms and complaints of pain because "Plaintiff's self-reported limitations plainly preclude the performance of sustained work activity of the nature the ALJ concluded she could do." Joint Memo at 11. Plaintiff particularly challenges the ALJ's lack of discussion of the third-party reports from her children; the ALJ's evaluation of Plaintiff's daily activities; the ALJ's evaluation of the intensity of Plaintiff's pain; the ALJ's evaluation of methods and medications for relieving the pain; and the ALJ's lack of discussion of Plaintiff's "strong work history." Id. at 13-17. Responding, Defendant argues "the ALJ properly considered Plaintiff's subjective statements in assessing her RFC" and the ALJ's findings are supported by substantial evidence. Id. at 18-23.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's

subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence, the claimant's history, and statements of the claimant and [his or] her doctors." Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (unpublished) (citing 20 C.F.R. §§ 404.1529(c)(1)-(2)). The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" also consider other factors related to symptoms such as pain, including:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v.

Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[5]

Here, the ALJ initially recognized Plaintiff's assertions of how her pain and impairments affect her, including allegations of ceasing employment "due to pain in her feet and fingers." Tr. at 21; see Tr. at 40-41. The ALJ restated Plaintiff's testimony that she has neuropathy in her feet and hands, causing her to "drop[] things" and have "problems holding a pencil and removing a bottle cap." Tr. at 21; see Tr. at 43. The ALJ also recognized Plaintiff's testimony that "[s]he is unable to wash/comb her hair." Tr. at 21; see Tr. at 44. As well, the ALJ summarized that Plaintiff alleges "[s]he can sit 1-2 hours with her feet elevated, but she cannot stand long," and "[s]he can walk 2-3 hours with pain." Tr. at 21; see Tr. at 46-48. (Plaintiff actually testified she can walk two to three houses away and the pain increases as she walks, so she calls her children to come get her. Tr. at 48.)

---

[5] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

- 9 -

The ALJ then found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, allegations of intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical and other evidence of record." Tr. at 21.

The ALJ next discussed the medical evidence, Tr. at 21-23, which is relatively scant. The ALJ discussed documented complaints of "bilateral leg cramping with numbness and tingling on the bottom of both feet deemed consistent with diabetic neuropathy," but conservative treatment for these matters. Tr. at 21 (citations omitted). The ALJ recognized that Plaintiff's "diabetic condition remains characterized relatively unstable and requiring the use of insulin," but found "the overall record is devoid of evidence of this impairment resulting in debilitating limitations necessitating total disability." Tr. at 22. The ALJ also discussed in detail September 12, 2019 examination findings of Carol Grant, M.D., including 4/5 grip strength in both hands. Tr. at 22; see Tr. at 368-70.

At the end of the day, the ALJ found Plaintiff has "received relatively consistent care for her allegedly disabling physical conditions; however, the treatment modalities implemented thus far have been essentially routine and conservative in nature." Tr. at 23. The ALJ also found Plaintiff's "statements of intensity, persistence, and limiting effects of symptoms are inconsistent because although treatment notes show medical findings of severe

impairments, these same notes do not show impairments so severe as to preclude all physical demands." Tr. at 23; see Tr. at 371-409 (treatment notes).

Plaintiff takes issue with the ALJ's explicit statement that she "did not provide articulation about the evidence that is neither inherently valuable nor persuasive in accordance with 20 CFR [§] 416.920b(c)," including "the statements of others (i.e., from friends and family members)." Tr. at 23. Plaintiff recognizes, see Joint Memo at 13, that the ALJ was "not required to articulate how [he or she] considered evidence from nonmedical sources using . . . requirements . . . [that are applicable to medical opinions and prior administrative findings]," 20 C.F.R. § 404.1520c(d); see also 20 C.F.R. § 404.1513(a)(4). But, according to Plaintiff, "the ALJ gave no obvious consideration to the statements provided by Plaintiff's three children." Tr. at 13.

Plaintiff is correct that the ALJ did not discuss the statements in detail or explain their value, if any. However, the ALJ explicitly cited the statements, showing that she was aware of them. See Tr. at 23 (citing Exs. 17E, 18E, 19E, located at Tr. at 281, 283, 285). Considering the requirements of the Regulations and the ALJ's obvious knowledge of the statements, the ALJ did not reversibly err with respect to the statements of the children.

Plaintiff also takes issue with the ALJ's failure to address her "strong work history." Joint Memo at 16. Although an ALJ is "required to consider all

- 11 -

of the evidence presented, including Plaintiff's work history," the ALJ is "not required to expressly discuss it." Chestang v. Comm'r of Soc. Sec., No. 8:21-cv-482-MRM, 2022 WL 4354849, at *14 (M.D. Fla. Sept. 20, 2022) (unpublished) (citations omitted); see also 20 C.F.R. § 404.1529(c)(3). Here, the ALJ did consider Plaintiff's allegation that she stopped working because of "pain in her feet and fingers." Tr. at 21. The ALJ also considered Plaintiff's past relevant work, finding that it was "performed long enough to achieve average performance, and performed within the relevant time period." Tr. at 24. While the ALJ did not explicitly discuss Plaintiff's entire work history in the context of addressing her subjective complaints, under the circumstances, the ALJ did not reversibly err.

The Decision reflects that the ALJ reviewed the record as a whole and determined that Plaintiff is not as limited as she alleges. The ALJ adequately considered Plaintiff's subjective complaints, and the ALJ's findings are supported by substantial evidence.

## B. Constitutional Claim- Appointment of Commissioner Saul

Plaintiff contends she was "deprived . . . of a valid administrative adjudicatory process" because "[t]he ALJ's delegation of authority in this case came from Mr. Saul and is therefore constitutionally defective." Joint Memo at 25; see Reply at 1. According to Plaintiff, the Social Security Act provision that limits the President's authority to remove the Presidentially-appointed, Senate-

confirmed Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3), violates the separation of powers. See Joint Memo at 25. Plaintiff argues the adjudication of her claim under this circumstance amounted to a violation of her Constitutional rights, and she is entitled to a remedy in the form of "a de novo hearing before a new ALJ who does not suffer from the unconstitutional taint of having previously heard and decided this case when the ALJ had no lawful authority to do so." Id. at 25.

Defendant agrees that "42 U.S.C. § 902(a)(3) violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause." Id. at 26-27 (citation omitted). Defendant argues, however, that "without more, that conclusion does not support setting aside an unfavorable SSA disability benefits determination." Id. at 27. Defendant offers two main reasons why: 1) "the ALJ who denied Plaintiff's claim was not appointed by a Commissioner subject to Section 902(a)(3)'s removal restriction" but rather by "an Acting Commissioner of Social Security—whom the President could have removed from that role at will, at any time"; and 2) Plaintiff cannot make the required showing that "Section 902(a)(3)'s removal restriction caused the denial of her benefits claim." Id. (emphasis in original).

Defendant's first argument relies on a fact that is not part of the record: that the ALJ who adjudicated Plaintiff's claim "held office under an

appointment legally ratified in July 2018 by then-Acting Commissioner Berryhill." Id. at 29. There is no citation provided for that factual statement, and nothing provided by way of evidence to substantiate it. For this reason, the Court does not substantively consider it.

As to the second argument, the United States Supreme Court in Selia Law held that a for-cause removal provision regarding the Director of the Consumer Financial Protection Bureau violated separation of powers because the President has to be able to remove officers at will. See Selia Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183, 2197 (2020). Later, in Collins, the Court extended Selia Law to similar for-cause removal restrictions as to the Director of the Federal Housing Finance Agency. Collins v. Yellen, 141 S. Ct. 1761, 1783 (2021).

The Court in Collins distinguished, however, "between cases involving unconstitutional appointments and cases involving properly appointed officers whose removal protections are unconstitutional." Kain v. Comm'r of Soc. Sec., No. 5:21 CV 879, 2022 WL 4285242, at *1 (N.D. Ohio Sept. 15, 2022) (unpublished) (emphasis in original) (citing Collins, 141 S. Ct. at 1788). "An unconstitutionally appointed officer lacks the authority to act, but a constitutionally appointed officer subject to for-cause removal protection still acts with proper authority." Id. (citing Collins, 141 S. Ct. at 1788 n.23). "When a properly appointed officer has for-cause removal protections, a party may still

- 14 -

be entitled to retrospective relief, but the party must show that the removal provision inflicted harm." Id. (citing Collins, 141 S. Ct. at 1788).

In attempting to show the required harm, Plaintiff argues she suffered the following injuries: "(1) she did not receive a constitutionally valid hearing and adjudication from the ALJ; and (2) she did not receive a constitutionally valid adjudication process from the [Appeals Council]." Reply at 3-4.[6] These alleged injuries are not particularized enough under Collins and its progeny. These injuries could apply equally to all individuals whose claims were adjudicated beginning in the Saul era, and factually, they do not implicate the removal provision. Plaintiff has failed to show a particularized injury caused by the removal provision, so she is not entitled to a new hearing.[7]

---

[6] Plaintiff argues that because Defendant failed to offer a "defense for its illicit process" as to the Appeals Council, this failure "should be treated as waiver" and the Court "should remand the case for further proceedings by the [Appeals Council]." Reply at 4. The Court declines to do so. First, Defendant did discuss the Appeals Council in relation to Plaintiff's inability to show the required harm. See Joint Memo at 34 ("Likewise, Plaintiff cannot conceivably show that the President's supposed inability to remove the Commissioner without cause affected the Appeals Council's denial of review of her specific claim."). Second, because the Appeals Council denied review in this case, the Court is reviewing the Decision of the ALJ as the Commissioner's final decision. To remand on a constitutional error with respect to a determination not being reviewed by this Court is unwarranted.

[7] Given this conclusion, the Court need not address Defendant's expanded arguments involving the harmless error doctrine, the de facto officer doctrine, the rule of necessity, and broad prudential considerations. See Joint Memo at 27, 36-40.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence, and Plaintiff is not entitled to relief on her Constitutional claim. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 26, 2022.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record